UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MICHAEL VASQUEZ,                                              Case 1:20-cv-04641-ER

                Plaintiff,
                                                                                       **AMENDED COMPLAINT**

                                                                                         JURY TRIAL DEMANDED
              -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, SERGEANT
JOSE HERNANDEZ, POLICE HOWARD
THORTON, POLICE OFFICER LATOYA
FREEMAN, POLICE OFFICER NELSON
PROANO,
                Defendants.
---------------------------------------------------------X

      Plaintiff, MICHAEL VASQUEZ, by his attorney, WALTER JOHN THOMPSON, complaining of the Defendants herein amends his Verified Complaint and respectfully alleges, upon information and belief, as follows:

## INTRODUCTION

      1.     This is a civil rights action brought by Plaintiff, Michael Vasquez, to seek relief for the Defendants' violations of his rights secured by 42 U.S.C. §§1983, 1988, and the rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, and such other relief as this Court deems equitable and just.

      2.     The claims arise from a March 24, 2018, incident in which Officers of the New York Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Plaintiff to assault, battery, excessive force unlawful seizure, and serious bodily injury.

      3.     Defendant the CITY is a municipal corporation duly incorporated and authorized under the laws of the State of New York pursuant to §431 of its Charter. The CITY is authorized under the laws of

the State of New York to maintain the New York City Department of Department, ("NYPD") which acts as its agent in the area of law enforcement for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of its police department and the employment of police officers.

4. At all relevant times, the CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers.

5. At al1 relevant times, the CITY OF NEW YORK and its NYPD hired, employed, supervised, and controlled the individual Defendants.

6. Defendant POLICE OFFICER HOWARD THORTON (hereinafter "OFFICER THORTON"), a person more accurately described in the complaint herein, is and/or was at all times relevant herein, an officer of the NYPD, a municipal agency of the CITY.

7. OFFICER THORTON, shield number 14002, was at all relevant times a Police officer employed at the 28th Precinct of the NYPD. Defendant OFFICER THORTON is sued in his individual and official capacities.

8. Defendant POLICE OFFICER LATOYA FREEMAN (hereinafter "OFFICER FREEMAN"), a person more accurately described in the complaint herein, is and/or was at all times relevant herein, an officer, of the NYPD, a municipal agency of the CITY. OFFICER FREEMAN, shield number 17989, was at all relevant times, a Police officer employed at the 28th Precinct of the NYPD. Defendant OFFICER FREEMAN is sued in her individual and official capacities.

9. Defendant POLICE OFFICER NELSON PROANO (hereinafter "OFFICER PROANO"), a person more accurately described in the complaint herein, is and/or was at all times relevant herein, an officer of the NYPD, a municipal agency of the CITY. OFFICER PROANO, shield number 9423, was at all relevant times a Police officer employed at the 28th Precinct of the NYPD. Defendant OFFICER PROANO is sued in his individual and official capacities.

10. Defendant, POLICE SERGEANT JOSE HERNANDEZ (hereinafter "SERGEANT HERNANDEZ"), a person more accurately described in the complaint herein, is and/or was at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the CITY. Defendant POLICE SERGEANT JOSE HERNANDEZ, at all times relevant herein, was duly appointed and acting as a Police Sergeant of the NYPD. SERGEANT HERNANDEZ, shield number 4180, was at all relevant times a Sergeant employed at the 28th Precinct of the NYPD. Defendant SERGEANT JOSE HERNANDEZ is sued in his individual and official capacities.

11. All named Defendant Officers were, at all relevant times herein, on duty with the NYPD on March 24, 2018.

12. At all times relevant herein, all individually named Defendant Police Officers and Defendant Sergeant were acting under the color of state law in the course and scope of their duties and functions as agents, employees, and officers of the CITY and/or the NYPD in engaging in the conduct described herein. At all times relevant herein, the individual Defendants have acted for and on behalf of the CITY and/or the NYPD with the power and authority vested in them as officers, agents, and employees of the CITY and/or the NYPD and incident to the lawful pursuit of their duties as officers, employees and agents of the CITY and/or the NYPD.

## STATEMENT OF FACTS

13. Plaintiff, Michael Vasquez, is a Hispanic - American male and at all relevant times, a resident of the State of New York, New York County.

14. On or about March 24, 2018, at approximately 7:00 P.M., Plaintiff was lawfully patronizing a Whole Foods supermarket, located at 100 West 125th Street, New York, NY 10027, when he was detained by two store security guards who then called the police.

15. Shortly thereafter, Defendant POLICE OFFICER THORTON, POLICE OFFICER

FREEMAN, POLICE OFFICER PROANO, and SERGEANT HERNANDEZ arrived at the scene and surrounded Plaintiff along with two store security guards. Defendant Officers asked Plaintiff whether he had any weapons on him, to which Plaintiff replied that he had a knife. Defendant Officers then ordered Plaintiff to remove the knife from his pocket.

16. As Plaintiff proceeded to follow the Defendant Officers' instructions and remove the knife from his pocket, each Defendant POLICE OFFICER drew their firearms and pointed them at Plaintiff.

17. Upon having three firearms pointed at him, Plaintiff, in genuine fear for his life and safety, took one step forward, at which point Defendant POLICE OFFICER THORTON discharged his firearm at Plaintiff causing Plaintiff to fall on his knees away from the police officers and paused before firing at Plaintiff again.

18. Defendants are liable for excessive use of force as the first shot negated any alleged threat Plaintiff posed to the Officers.

19. Plaintiff suffered multiple gunshot wounds caused by Defendant OFFICER THORTON's multiple shots.

20. Plaintiff suffered multiple injuries including but not limited to the upper right chest, left elbow, and left lower quadrant with, *inter alia,* injury of the blood vessel of thorax.

21. Plaintiff was subsequently hospitalized and underwent surgery as a result of the aforementioned shooting. Plaintiff has sustained nerve damage to both his arm and shoulder as a result of the aforementioned shooting, which led to the complete loss of use of Plaintiff's arm.

22. The above injuries severely limit Plaintiff's mobility and functionality and substantially impair Plaintiff's ability to work and maintain gainful employment.

23. Plaintiff was subsequently incarcerated following the aforementioned incident which took place on March 24, 2018, and remains incarcerated to the present day following a conviction for

aggravated assault on a police officer. Plaintiff pled not guilty to the said charge and has consistently maintained his innocence.

24. While incarcerated at Great Meadow Correctional Facility and/or other facilities Plaintiff has been routinely and unjustly denied Court-Ordered medical attention as well as doctor-prescribed physical therapy for his condition.

25. Furthermore, the facility where Plaintiff is being housed in a gang-affiliated facility, and Plaintiff is at significant risk of an attack or serious injury, including potentially fatal injury, because he cannot adequately defend himself considering that he has lost complete use of his arm as a result of the above described officer-involved shooting.

26. The conduct of the individual Defendants in unlawfully restraining, seizing, and shooting Plaintiff proximately caused physical, emotional, and financial injury to him, as well as serious physical and emotional pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment, and deprivation of Plaintiff's constitutional rights. Plaintiff suffered trauma, debasement, and humiliation as a result of being assaulted and shot, unlawfully, without any cause.

27. At all times relevant herein, the individual Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being by unlawfully restraining, seizing, and shooting Plaintiff.

28. The actions of the individual Defendants, as set forth herein, were the result of the failure of the NYPD to properly train, supervise and discipline its officers, including Defendant POLICE SERGEANT HERNANDEZ and POLICE OFFICERS THORTON, FREEMAN, AND PROANO. This failure to train, supervise and discipline is a consequence of the deliberate policies and practices of Defendant CITY OF NEW YORK and its NYPD. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless, and

intentional actions of the individual Defendants.

29. At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused the violation of his rights.

30. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

31. The constitutional abuses and violations by Defendant CITY OF NEW YORK, through the actions of its NYPD and all other named Defendant police officers, were and are directly and proximately caused by policies, practices, and/or customs developed implemented, enforced, encouraged, and sanctioned by Defendant CITY OF NEW YORK including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of New York.

32. Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or using excessive force against individuals.

33. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

34. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental, and emotional injury and pain, mental anguish, suffering humiliation, and embarrassment.

35. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF
PLAINTIFF AGAINST DEFENDANT POLICE OFFICERS THORTON,
FREEMAN, PROANO, and Police Sergeant HERNANDEZ OFFICERS
OFTHE NEW YORK CITY POLICE DEPARTMENT
<u>FOR EXCESSIVE FORCE</u>
(42. U.S.C. §1983, Fourth and Fourteenth Amendments)**

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "l" through "35" as if more fully set forth at length herein.

37. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, the Individual Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

38. Under the doctrine of respondeat superior, Defendant CITY, is liable for the actions of the named individual defendants, for negligently training, retaining, and supervising, its Officers and/or employees, and for failing to adequately discipline officers who wrongfully use excess force, in the instant case, against Plaintiff.

39. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain,

as well as severe mental anguish, suffering, humiliation, and embarrassment.

40. By reason of the aforesaid unconstitutional and illegal acts taken against them by the individual Defendants, Plaintiff has been damaged in the amount of Ten Million ($10,000,000.00) Dollars.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS Defendant POLICE OFFICERS THORTON, FREEMAN, PROANO and Police Sergeant HERNANDEZ, OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT FOR ASSAULT, BATTERY, <u>AND DEPRIVATION OF LIBERTY</u>**
**(42. U.S.C. §1983, Fifth and Fourteenth Amendments)**

41. Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs "l" through "40" hereinabove as if more fully set forth at length herein.

42. The acts of the Individual Defendants, committed under color of state law, in arresting Plaintiff physically assaulting, battering, shooting, and using deadly force against Plaintiff were racially motivated, undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause-specific and serious bodily harm, pain and suffering to Plaintiff in violation of his constitutional rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Through these actions, Defendants are liable for their violation of 42. U.S.C. §1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

43. By their conduct, as described herein Defendants are liable to Plaintiff under 42 U.S.C. §1983 for the violation, under color of state law, of Plaintiff's constitutional right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

44. As a consequence of the individual Defendants' actions Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and

apprehension that he will, again, be subject to similar unlawful acts by Defendants.

45. Further, the individual Defendants failed to intervene in order to prevent their co-defendants from violating the rights of Plaintiff. s a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including severe physical, mental, andemotional injury and pain, as well as severe mental anguish, suffering, humiliation and embarrassment.

46. As a result of the aforesaid unlawful acts by Defendants, Plaintiff has been damaged in the amount of Ten Million ($10,000,000.00) Dollars.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS Defendant POLICE OFFICERS THORTON, FREEMAN, PROANO, and Police Sergeant HERNANDEZ, OFFICERS OF THE <u>NEW YORK CITY POLICE DEPARTMENT FOR UNREASONABLE SEIZURE</u> (42. U.S.C. §1983, Fourth and Fourteenth Amendments).

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "l" through "46" as if more fully set forth at length herein.

48. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to be free from unreasonable searches and seizures as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

49. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer, damages including severe physical mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation, and embarrassment.

50. By reason of the aforesaid unconstitutional and illegal acts taken against them by the individual Defendants, Plaintiff has been damaged in the amount of Ten Million ($10,000000.00) Dollars.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS Defendant POLICE OFFICERS THORTON, FREEMAN, PROANO, AND POLICE SERGEANT HERNANDEZ, OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT FOR  UNREASONABLE SEIZURE**
**(42. U.S.C. §1983, Eighth and Fourteenth Amendments)**

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "50" as if more fully set forth at length herein.

52. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to be free from cruel and unusual punishment as required by the Eighth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

53. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation, and embarrassment.

54. By reason of the aforesaid unconstitutional and illegal acts taken against them by the individual Defendants, Plaintiff has been damaged in the amount of Ten Million ($10,000,000.00) Dollars.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS THE CITY OF NEW YORK, DEFENDANT POLICE OFFICERS THORTON, FREEMAN, AND PROANO AND POLICE SERGEANT HERNANDEZ, OF THE NEW YORK CITY POLICE DEPARTMENT**
**(MONELL CLAIM).**

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "54" hereinabove as if more fully set forth at length herein.

56. At all relevant times herein, Defendant CITY, acting through its NYPD, developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused the violation of

10

such rights.

57. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.

58. The constitutional abuses and violations by Defendant City of New York, through the actions of its Police Department and all named Defendants, were and are directly and proximately caused by policies practices and/or customs developed, implemented enforced encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of New York.

59. Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged, and sanctioned a de facto policy practice, and/or custom of unlawfully assaulting, battering, seizing, shooting, and exercising deadly force against individuals, without reasonable or lawful justification. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth Eighth, and Fourteenth Amendments to the U.S. Constitution.

60. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated which has caused him to suffer severe physical mental, and emotional injury and pain, in addition to severe mental anguish suffering, humiliation, and embarrassment.

61. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

62. By reason of the aforementioned unlawful acts of Defendants, Plaintiff has been damaged in the sum of Ten Million ($10,000,000.00) Dollars.

WHEREFORE, Plaintiff, MICHAEL VASQUEZ, demands judgment against Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, SERGEANT JOSE HERNANDEZ, POLICE HOWARD THORTON, POLICE OFFICER LATOYA FREEMAN, AND POLICE OFFICER NELSON PROANO as follows:

   a) On the first cause of action:   Ten Million ($10 000,000.00) Dollars;

   b) On the second cause of action:   Ten Million ($10,000,000.00) Dollars;

   c) On the third cause of action:  Ten Million ($10,000,000.00) Dollars;

   d) On the fourth cause of action: Ten Million ($10,000,000.00) Dollars;

   e) On the fifth cause of action:  Ten Million ($10,000,000.00) Dollars;

   f) Award Plaintiff punitive damages;

   g) Award attorney's fees pursuant to 42 U.S.C. § 1988;

   h) Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and

   i) Award such other and further relief as this Court may deem appropriate and equitable.

Dated:     New York, New York
           May 13, 2022

                                                          /S/
                                               WALTER JOHN THOMPSON, ESQ.

                        THOMPSON LAW, P.C.
                        Attorney for Plaintiff
                        565 Fifth Avenue, Suite 721
                        New York, NY 10017
                        (646) 670-1672

**ATTORNEY VERIFICATION**

WALTER J. THOMPSON being an attorney duly licensed to practice law in the State of New York, attorneys of record for the plaintiff, hereby affirms the truth of the following statements, all under penalty of perjury: That affirmant has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, this entire SUMMONS AND VERIFIED COMPLAINT, being based upon information and belief the source thereof being the investigation conducted and the file maintained in this office, and as to those matters affirmant believes it to be true ; the reason that this verification is not made by plaintiff is that plaintiff does not reside in the county of New York wherein affirrmant maintains an office.

Dated: New York, New York
        May 13, 2022

                                              /S/
                                    WALTER JOHN THOMPSON, ESQ.