UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL VASQUEZ,

                Plaintiff,

- against -

CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4 (first names being fictitious); and NEW YORK CITY POLICE SERGEANT "JOHN DOE" #1 (first name being fictitious),

                Defendants.

**OPINION & ORDER**

20 Civ. 4641 (ER)

RAMOS, D.J.:

    Michael Vasquez commenced this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his federal and constitutional rights by unlawfully detaining and shooting him while he was shopping at a supermarket. Doc. 3. Pending before the Court is Vasquez's motion to amend his complaint to name the previously unidentified "John Doe" police officers. Doc. 37 at 7. For the reasons set forth below, Vasquez's motion is DENIED.

**I.  BACKGROUND**

    **A.  Factual Background[1]**

    On March 24, 2018, Vasquez was shopping at a Whole Foods supermarket in New York City when he was detained by two store security guards. ¶ 16. The security guards called the police, and four New York Police Department officers arrived on the scene shortly thereafter (the "NYPD Defendants"). ¶¶ 16–17. The NYPD Defendants asked

---

[1] The following facts are based on the allegations in the complaint, which the Court accepts as true for purposes of the instant motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). Unless otherwise noted, citations to "¶ __" refer to the complaint, Doc. 3.

Vasquez whether he had any weapons on him, and Vasquez told them that he was carrying a knife. ¶ 17. The NYPD Defendants then ordered him to remove the knife from his pocket. *Id.* As Vasquez reached for the knife in his pocket, each of the NYPD Defendants drew their firearms and pointed them at him. ¶ 18. Vasquez, fearing for his safety, took one step backwards. ¶ 19. In response, one of the NYPD Defendants discharged his firearm, striking Vasquez multiple times, including in the upper right chest and left elbow. *Id.* Vasquez was then taken to a hospital, where he underwent surgery. ¶ 20. As a result of the gunshot wounds, Vasquez suffered nerve damage in his shoulder and left arm resulting in the loss of use of his left arm. ¶ 20.

Vasquez was ultimately convicted of aggravated assault on a police officer in connection with the March 24, 2018 incident. ¶ 22. Vasquez is currently serving a prison sentence for that offense. *Id.*

### B. Procedural Background

Vasquez brought the instant action on July 2, 2020 pursuant to 42 U.S.C. § 1983 against the City of New York, the New York City Police Department, and the four unidentified NYPD Officers, named as "John Doe" defendants. Doc. 3. He alleges that the defendants deprived him of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* Specifically, Vasquez alleges that the defendants violated his right to: (1) be free from excessive force in the course of an arrest, and to be free from unreasonable searches and seizures, as required by the Fourth and Fourteenth Amendments; (2) due process under the Fifth and Fourteenth Amendments; and (3) to be free from cruel and unusual punishment, as required by the Eighth and Fourteenth Amendments. *Id.*

More than six months after filing his complaint, by January 25, 2021, none of the defendants had been served. Accordingly, that day, the Court directed Vasquez to show cause by February 8, 2021, why the case should not be dismissed for failure to timely serve defendants. Doc. 6.

On February 8, 2021, Vasquez filed a letter, requesting that the Court extend the deadline to serve defendants and asserted that if an extension was granted, the defendants would be served within one week.  Doc 7.  Accordingly, the Court granted Vasquez an extension to serve defendants by February 15, 2021.  Doc. 8.  The New York City Police Department and the City of New York were served on February 11, 2021.  Doc. 9–10.

On April 30, 2021, pursuant to a joint request by the City of New York and Vasquez, the Court designated this action a "Plan" case in accordance with Local Civil Rule 83.10.  Doc. 14, 15.

The City of New York answered on July 6, 2021.  Doc. 16.  That same day, the case was referred to the Court's Mediation Program.  On July 27, 2021, Vasquez received Defendant City's Initial Disclosures pursuant to Rule 26(a), which included the identities of the John Doe police officers named in the Complaint.[2]  Doc 37-1.  Seven months later, on February 3, 2022, the Court received a report that mediation had failed due to Vasquez's inability to attend the mediation conferences.  Doc. 20.

On April 14, 2022, the Court entered a civil case discovery plan.  Doc. 23.  The discovery plan required that amended pleadings were to be filed by May 13, 2022, but only with leave of Court.  *Id.*  On May 13, 2022, Vasquez filed a first amended complaint without first seeking leave from the Court to do so.  Doc. 26.

During a conference held on June 10, 2022, the Court granted Vasquez leave to file a motion to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Vasquez filed a motion for leave to amend the complaint to include the actual names of the four John Doe defendants on July 7, 2022.  Doc. 35.  Vasquez's counsel explains in his motion that the delay in amending the complaint to include the actual identities of the police officers was due to his "limited resources and back log of cases".  Doc. 37 at 13.

---

[2] Specifically, the responding officers were identified as Officer Howard Thornton, Officer Latoya Freeman, Officer N. Proano, and Detective Christopher Paulson.  Doc. 37-1.

On August 12, 2022, Defendants filed their opposition.  Doc. 43.  By October 6, 2022, Vasquez had not filed a reply brief.  Accordingly, the Court issued an order directing Vasquez to file a reply brief by October 14, 2022.  Doc. 44.  On October 14, 2022, Vasquez requested an extension to file a reply which was granted.  Docs. 45, 46.  Vasquez filed his reply on October 17, 2022.  Doc. 47.

## II.  LEGAL STANDARD

Rule 15 allows a party to amend its complaint pursuant to the other party's written consent or the court's leave.  Fed. R. Civ. P. 15.  Section 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15.  Motions to amend are ultimately within the discretion of the district court judge, *Foman v. Davis,* 371 U.S. 178, 182 (1962), who may deny leave to amend for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holes v. Grubman,* 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks omitted)).  This is a permissive standard since the Federal Rules "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits" of the case.  *Conley v. Gibson,* 355 U.S. 41, 48 (1957).

An amendment to a pleading is futile if the proposed claim would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Dougherty v. North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.,* 941 F. 2d 119, 123 (2d Cir. 1991)).  To withstand a motion to dismiss, the plaintiff must allege sufficient facts that, when accepted as true, state "a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  The party opposing the motion to amend bears the burden of proving the claim's futility.  *See, e.g., Allison v. Clos-ette Too, L.L.C.,* 14 Civ. 1618 (LAK) (JCF), 2015 WL 136102 at *2 (S.D.N.Y. Jan. 9, 2015).

The Second Circuit has held that leave to amend may be denied on the basis of futility when it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culberston,* 200 F.3d 65, 71 (2d Cir. 1999) (citation and internal quotation marks omitted). In determining whether an amendment is futile, the court evaluates the amended complaint "through the prism of a Rule 12(b)(6) analysis." *Henneberry v. Sumitomo* Corp*. of America*, 415 F. Supp. 2d 423, 433 (S.D.N.Y. 2006). Following this standard, courts accepts a plaintiff's factual allegations as true and draws reasonable inferences in favor of the plaintiff. *Id; See also Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

The trial court has broad discretion when ruling on a motion to amend, *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000), but generally, will not deny leave to amend based on futility unless the proposed amendment is clearly frivolous or legally insufficient. *See In re Ivan F. Boesky Sec. Litig.*, 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995) (citation omitted). Beyond these considerations, the court does not need to consider the substantive merits of the plaintiff's claim on a motion to amend. *Id.*

### III.  DISCUSSION

Vasquez seeks leave to file an amended complaint that names the previously unidentified police officers. Doc. 37 at 7. Vasquez argues that leave to amend the complaint should be granted pursuant to the relation back doctrine under Rule 15. The City argues that amending the complaint would be futile because the action is untimely as to those defendants and any amendment at this point would be futile.

#### A. Statute of Limitations

"[A]n amendment is futile if the claim proposed to be added would be barred by the applicable statute of limitations." *Neal v. Wilson,* 239 F. Supp. 3d 755, 758 (S.D.N.Y. 2017). There is no federal statute of limitations period for § 1983 claims; therefore, Vasquez's claim is governed by the applicable state law period for personal injury actions. *See City of Rancho Palos Verdes, Cal. v. Abrams,* 544 U.S. 113, 123 n.5 (2005);

*Wilson v. Garcia,* 471 U.S. 261, 275–76 (1985). New York's statute of limitations period for personal injury claims is three years. *See Owens v. Okure,* 488 U.S. 235, 250–51 (1989).

Vasquez's claims accrued on the date the incident occurred, March 24, 2018. Doc. 3 ¶ 2. *See Singleton v. City of New York* 632 F.2d 185, 191 (2d Cir. 1980) (explaining that a civil rights action accrues on the date which the plaintiff knows or has reason to know of the injury). Consequently, the statute of limitations on Vasquez's § 1983 claims expired on March 24, 2021, three years after his claims accrued. While Vasquez filed the instant action within the limitations period, he only sought to amend the complaint after the names of the officers were disclosed to him through discovery which occurred *after* the limitations period expired.

### B. Relation Back

A plaintiff seeking to amend their complaint to add a new party after the statute of limitations period has expired is "futile" unless the amended complaint "relates back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1). Vasquez must show that an applicable relation-back doctrine allows him to amend the complaint. Pursuant to Federal Rule of Civil Procedure 15(c)(1)(A) and the accompanying advisory committee's note to the 1991 amendment, courts should apply the applicable state or federal relation back doctrine that is most forgiving. *See Wilson v. City of New York,* No. 3 Civ. 2495 (RLC), 2006 WL 2528468, at *2 (S.D.N.Y. Aug. 31, 2006). One federal and two state relation-back doctrines are applicable here, as set forth in Rule 15(c)(1) and §§ 203 and 1024 of New York Civil Practice Law and Rules ("N.Y. C.P.L.R."). Vasquez relies on Rule 15 and N.Y. C.P.L.R. 1024.[3]

---

[3] N.Y. C.P.L.R. § 203 also allows relation back for amended claims under New York Law. However, because Vasquez did not respond to The City's argument that the requirements for N.Y. C.P.L.R. § 203 are not satisfied, the Court considers any reliance on § 203 to be abandoned. *See Nollah v. New York City,* No. 17-CV-634 (JPO), 2018 WL 4636847, at *2 n.1 (S.D.N.Y. Sept. 27, 2018).

### 1. *Federal Rule 15(c)*

Rule 15(c)(1)(C) provides that an amended complaint relates back to the original complaint if the claim "arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading," and if within 90 days from the original filing of the complaint, the proposed defendant "received such notice of the action that it will not be prejudiced in defending on the merits; and [] knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Vasquez has not adequately pled that the identification of the John Doe parties in the original complaint constitute a "mistake concerning the proper part[ies'] identit[ies]" under Rule 15(c)(1)(C). Vasquez argues that leave should be granted because the conduct of the proposed named officers arose out of the same conduct, transaction, or occurrence as set forth in the original complaint in accordance with Rule 15(c)(1)(B). Vasquez also argues that his newfound knowledge of the identities of the police officers unidentified in the original complaint warrants leave to amend the complaint. In *Barrow v. Wethersfield Police Dept.,* 66 F.3d 466, 470 (2d Cir. 1995), the Second Circuit held "that Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." In *Barrow*, as is the case here, the plaintiff filed three complaints pursuant to 42 U.S.C. § 1983 alleging that certain "John Doe" police officers used excessive force in his arrest. *See id.* at 466–67. The plaintiff in *Barrow* moved to amend his complaint pursuant to Rule 15 to name the police officers after the statute of limitations expired. *See id.* at 467. The Court found that the identification of the police officers did not constitute a mistake in the original complaint, "but instead supplied information [the plaintiff] lacked at the outset." *Barrow,* 66 F.3d at 470. Because the names corrected a lack of knowledge rather than mistake as required under Rule 15(c), the Court found the requirements for relation back under Rule 15(c) were not met. *See id.*

Similarly, in *Hogan,* 738 F.3d 509, 513 (2d Cir. 2013), the plaintiff filed an action under 42 U.S.C. § 1983 against several "John Doe" corrections officers for excessive force alleged in an incident which occurred while the plaintiff was incarcerated. On appeal, the court found that the plaintiff's claims could not relate back under Rule 15(c)(1)(C) following the reasoning in *Barrow* that a lack of knowledge of the proper party's identity does not constitute mistake.[4] *See id.* at 518. Here, Vasquez relies on Rule 15(c)(1)(C) to amend his complaint, alleging the lack of knowledge of the NYPD Defendants' identities constituted "mistake concerning the proper party[]s['] identit[ies]." Fed. R. Civ. P. 15(c)(1)(C). As the Second Circuit has held, however, "lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity." *Hogan,* 738 F.3d at 518. Accordingly, Vasquez's claims do not relate back under Rule 15(c)(1)(C).

### 2. N.Y. C.P.L.R. § 1024

When a plaintiff fails to satisfy Rule 15(c)(1)(C), Rule 15(c)(1)(A) permits amended claims to relate back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). As discussed above, New York law provides the applicable statute of limitations in this action and therefore, N.Y. C.P.L.R. § 1024 will be applied to the facts of this case. C.P.L.R. § 1024 provides:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

---

[4] In *Hogan*, the Second Circuit found that pursuant to Rule 15(c)(1)(A), the plaintiff's claims did relate back under N.Y. C.P.L.R. § 1024, concluding that the plaintiff's claims were not time-barred. The Second Circuit directed the district court to allow amendment of the complaint when the officers were identified. *See Hogan,* 738 F.3d at 519–20.

This provision allows a plaintiff to proceed against John Doe defendants and substitute the John Doe identities with their true identities *nunc pro tunc*. *See Hogan,* 738 F.3d at 518–19. Importantly, to utilize this provision, the party must exercise due diligence to identify the defendants and describe the party in "such [a] form as will fairly apprise the party that []he is the intended defendant." *Bumpus v. N.Y.C. Transit Auth.,* 883 N.Y.S.2d 99, 104 (N.Y. App. Div. 2009). Due diligence "requires that a plaintiff show that he or she made timely efforts to identify the correct part[ies] before the statute of limitations expired." *Strada v. City of New York,* No 11-CV-5735 (MKB)*,* 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (internal quotation marks and citations omitted). "A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendant's identity, for example by submitting multiple discovery demands, requests under state or federal Freedom of Information laws, or requests to the Attorney General's office." *Barrett v. City of Newburgh,* 720 F. App'x 29, 33 (2d Cir. 2017). "Federal and New York courts have held that where there is no indication in the record that a plaintiff has exercised due diligence prior to the statute of limitations, a plaintiff is not entitled to make use of the 'John Doe' procedure provided in CPLR § 1024." *Ceara v. Deacon,* 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014) (collecting cases).

Vasquez has not demonstrated that he exercised due diligence here, precluding him from utilizing C.P.L.R. § 1024 to substitute the John Doe defendants. In this case, the underlying event occurred on March 24, 2018 and Vasquez filed the original complaint on July 2, 2020. Even after learning the officers' identities pursuant to the City's Rule 26(a) disclosures on July 27, 2021, four months after the statute of limitations expired, Vasquez did not seek leave to amend the complaint until one year later, on July 7, 2022. Vasquez has not provided evidence that he sought information from the defendants as to the identities of the John Doe police officers before the statute of limitations period expired. *See Opiela v. May Industries Corp.,* 781 N.Y.S.2d 353, 354 (N.Y. App. Div. 2004) (holding that C.P.L.R § 1024 is inapplicable where the plaintiff

9

could have obtained the names of the defendants prior to the expiration of the limitations period and failed to amend the complaint for two years after identities were learned); *Jones v. City of New York,* 571 F. Supp. 3d 118, 130–31 (S.D.N.Y 2021) (holding that § 1024 is inapplicable where plaintiff has failed to identify any actions he took to uncover the identities of unnamed defendants prior to the expiration of the statute of limitations). Indeed, he appears to concede that he did *not* exercise diligence. *See* Doc. 47. As such, Vasquez cannot meet the due diligence requirements of N.Y. C.P.L.R. § 1024. His claims against the NYPD Defendants therefore do not relate back under Rule 15(c)(1)(A).[5]

### C. Failure to Show Good Cause

In any event, Vasquez has failed to show good cause for the delay. Where, as here, a scheduling order governs amendments to the complaint, the Second Circuit has held that the lenient standard under Rule 15(a) must be balanced against the requirements of Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause. *See Holmes v. Grubman,* 568 F.3d 329, 334–35 (2d Cir. 2009). A finding of good cause is generally dependent on the diligence of the moving party. *See Id.* at 335; *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339–40 (2d Cir. 2000).

As set forth above, Vasquez did not exercise due diligence. At no point between the filing of the complaint on July 2, 2020, and the receipt of the Rule 26(a) materials on July 27, 2021, *more than a year later,* did Vasquez seek to learn their identities. Indeed, Vasquez waited ten months *after* learning the identities of the four officers to amend the complaint. *See Perfect Pearl Co., Inc., v. Majestic Pearl & Stone, Inc.,* 889 F. Supp. 2d 453, 458–59 (S.D.N.Y. 2013) (where ten months had passed between possession of information and amendment of complaint, good cause for delay was not shown).

---

[5] Because Vasquez has not demonstrated that he exercised due diligence in conformance with the requirements of C.P.L.R. § 1024, the Court need not address the additional notice requirement under that provision.

Notably, plaintiff's counsel claims that had he not had "limited resources and back log of cases[,]" he would have filed earlier. Doc. 37 at 13. The Court finds this argument unpersuasive. A back log of cases does not suffice to show good cause for delay.

This Court has held that "[a] long period of delay between the filing of the original complaint and the motion to file an [a]mended [c]omplaint constitutes sufficient prejudice to deny the plaintiff's motion to amend." *NAS Electronics, Inc. v. Transtech Electronics PTE Ltd.,* 262 F. Supp. 2d 134, 151 (S.D.N.Y. 2003) (holding that plaintiffs failed to show good cause for delay where plaintiffs did not seek extension of time, and had knowledge of facts and circumstances of the case for a period of several years). Vasquez's lack of diligence in litigating this action constitutes sufficient prejudice against the proposed defendants to deny the motion.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend the complaint is DENIED. The parties are further directed to appear for a telephonic initial pretrial conference on March 17, 2023 at 11:00 a.m. The parties are directed to dial (877) 411-9748 and to enter access code 3029857#. The Clerk of Court is respectfully directed to terminate the motion, Doc. 35.

It is SO ORDERED.

Dated:   March 6, 2023
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.